972 F.2d 1338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Clyde W. DUGGAN, Petitioner-Appellant,
v.
Manfred MAASS, Superintendant, Warden, Oregon State
Penitentiary, Respondent-Appellee.
 No. 91-36054.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 7, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Clyde W. Duggan, an Oregon state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. Duggan was convicted following a jury trial of three counts of robbery. We have jurisdiction under 28 U.S.C. § 2253 and review the denial de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We affirm.
 
 Double Jeopardy
 
 3
 Duggan's first assignment of error is that the District Court erred by holding that the state trial court's rejection of his Double Jeopardy claim was entitled to a presumption of correctness despite the fact that the claim is a mixed question of law and fact and is entitled to a de novo review. Under 28 U.S.C. § 2254(d), the federal court reviewing a state prisoner's habeas corpus petition must accord a state court's findings of fact a presumption of correctness. Sumner v. Mata, 449 U.S. 539 (1981). In deciding claims that are mixed questions of law and fact, the federal court may give different weight to facts found by the state court and reach a different conclusion under the law. Sumner v. Mata, 455 U.S. 591 (1982) (Sumner II ). The facts that underlie the legal conclusion, however, must be given the presumption of correctness. Id.
 
 
 4
 Duggan's first trial ended in a mistrial when Gregory Boughn, a witness for the prosecution, unexpectedly invoked his Fifth Amendment privilege against self-incrimination when he was called to testify. Duggan then moved to dismiss the robbery charges against him on the ground that the prosecutor was guilty of misconduct in calling Boughn to testify with knowledge that he might invoke the Fifth Amendment. Duggan claimed that a retrial was barred by the double jeopardy clause of the Fifth Amendment.
 
 
 5
 The trial court held a hearing on Duggan's motion to dismiss. After hearing testimony from the prosecutor and Boughn's attorney, both of whom stated that they expected Boughn to testify at trial, the trial judge denied the motion, stating that the prosecutor had not engaged in intentional misconduct which would require a new trial.
 
 
 6
 The district court accorded a presumption of correctness to the state court's finding that there was no prosecutorial misconduct and denied Duggan's claim that his retrial was barred by the double jeopardy clause, citing Oregon v. Kennedy, 456 U.S. 667 (1982). In Kennedy, the Court held that retrial of a defendant after a mistrial does not invoke the double jeopardy clause where the error committed by the prosecutor causing the mistrial was not done intentionally and there was no finding of prosecutorial misconduct.
 
 
 7
 Duggan is incorrect in asserting that the state court's finding is a mixed question of law and fact. As the district court recognized, the issue in this case is whether the prosecutor's calling of Boughn as a witness in Duggan's first trial was intended to provoke Duggan into moving for a mistrial. This is a question of fact and is amply supported by the record. Therefore, it is entitled to a presumption of correctness under 28 U.S.C. § 2254(d). See Sumner v. Mata, 449 U.S. 539 (1981). Because there was no prosecutorial misconduct, the district court was correct in denying Duggan's claim. See Oregon v. Kennedy, 456 U.S. at 679.
 
 Motion to Sever
 
 8
 Duggan's second assignment of error is that the district court erred in finding that Duggan did not raise or preserve any constitutional objections to being tried jointly with his co-defendants by not raising a confrontation clause issue in his brief. Although the district court did make this finding, it also decided upon the merits that Duggan's constitutional rights under the confrontation and due process clauses were not violated by being tried jointly with his co-defendants. We agree with the district court's conclusion on the merits and therefore do not reach the issue of whether Duggan fairly presented this claim.
 
 Sufficiency of the Evidence
 
 9
 Duggan's third and final assignment of error is that the district court erred by concluding that a rational trier of fact could have found beyond a reasonable doubt that Duggan was guilty of robbery. Sufficient evidence to support a conviction exists if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt after viewing the evidence in the light most favorable to the prosecution. Jackson v. Virginia, 443 U.S. 307 (1978).
 
 
 10
 At trial, the prosecution presented evidence that Duggan owned the car used by the robbers, that he lived with the two co-defendants, that the three defendants were in the car together earlier on the day of the robbery, that Duggan was in the get-away car within one-half hour after the robbery was committed, and that a shotgun and proceeds from the robbery were recovered from the car.
 
 
 11
 Viewing this evidence in the light most favorable to the prosecution, we agree with the district court that a rational trier of fact could have found beyond a reasonable doubt that Duggan was involved in the robbery. Accordingly, we affirm the district court's denial of Duggan's claim that there was insufficient evidence to support his conviction.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3